## *In re* JACK SEN *et al.*

### (*Circuit Court, N. D. California.* October 24, 1888.)

CHINESE—EXCLUSION ACT OF 1888—CHINESE SEAMEN.

A Chinese laborer, who ships on an American vessel, at an American port, for a round voyage, and who does not land at any foreign port, but remains on board until the voyage is completed, does not depart from the United States within the meaning of the exclusion act of October 1, 1888.

Petition for Writ of *Habeas Corpus.*
*T. D. Riordan*, for petitioners.
*J. T. Carey*, U. S. Atty., *contra.*
Before SAWYER, Circuit Judge.

SAWYER, J. The petitioners are 10 Chinese laborers, subjects of the emperor of China. They were in the United States on November 17, 1880, and have been residents of the country ever since. On August 29, 1888, the petitioners, at the port of San Francisco, shipped on board the steamship Colima, as part of the crew, for a voyage from said port to the port of Panama, in the state of New Granada, and return to San Francisco, the shipment being for the round voyage, and San Francisco the port of their discharge. The steam-ship Colima is an American vessel, sailing under the American flag, regularly engaged in the transportation of passengers and merchandise between the said ports of San Francisco and Panama. The said vessel sailed from the port of San Francisco for Panama and return on August 30, 1888, having said petitioners on board, as a part of her crew for the round voyage. She arrived at Panama on September 22, 1888, and sailed from Panama on October 1, 1888, on her return voyage to San Francisco, where she arrived on October 21, 1888, with said petitioners on board, as a part of her crew, the said petitioners having remained on said ship, and not landed therefrom in any foreign land from the time the ship left San Francisco till her return to said port. On their return to San Francisco, the collector of the port refused to permit them to land, on the ground that they had departed from the country, and under the exclusion act passed October 1, 1888, it had become unlawful for them to return to the United States. This writ of *habeas corpus* was thereupon issued upon their petition, to determine their rights under the act mentioned.

The only question is, had the petitioners departed from the United States within the meaning of that act? This is not a new question in this court. In *The Case of the Chinese Cabin Waiter*, Ah Sing, who went to Australia on the City of Sydney, touching at various foreign ports,. without the certificate required to be obtained by every Chinese laborer, who "shall depart from the United States," Mr. Justice FIELD, after an elaborate discussion of the question, with the concurrence of the circuit judge, held that the petitioner was not within the provision of the act requiring a certificate, as he was all the while upon an American vessel, upon which he shipped in the United States for the round voyage to Australia and return to an American port, where he was to be discharged. *Case of Chinese Cabin Waiter*, 7 Sawy. 536, 13 Fed. Rep. 286. And in *The Case of the Chinese Laborers*, Ah Tie and others, who shipped on the same steam-ship at San Francisco for a voyage to Australia and return, where the petitioners went on shore temporarily, in Australia, with the permission of the captain, the same judges held, after mature consideration, that, going upon shore, not with an intent to remain ashore, under the circumstances of the case, with the permission of the captain, did not bring them within the provisions of the act. *Case of Chinese Laborers*, 7 Sawy. 542, 13 Fed. Rep. 291. I can add nothing to the reasoning of Mr. Justice FIELD in those cases. The point is substantially the same as in this case. The petitioners in the cases cited had not departed from the United States, within the meaning of the act requiring all "departing" Chinese to obtain the specified certificate, as the only evidence of a right to return. So, in this case, the petitioners have been within the jurisdiction of the United States during their entire voyage, being on an American vessel, and, in contemplation of law, all the time within American territory, without any intention of departing therefrom. There was no departure from the United States within the meaning of the act of October 1, 1888. They are unlawfully restrained of their liberty, and must be discharged; and it is so ordered.