[Civ. No. 2447.   First Appellate District.—September 16, 1918.]

## VICTOR PEZZONI, Appellant, v. PIA PEZZONI, Respondent.

HUSBAND AND WIFE—SEPARATION AGREEMENT—HUSBAND'S AGREEMENT TO "DEPART FOR SWITZERLAND" — BREACH BY RETURNING TO CALIFORNIA—ACTION BY HUSBAND ON CONTRACT.—Where, in a separation agreement between a husband and wife, the husband agreed to leave his wife's abode and "depart for Switzerland," and at no time thereafter to molest her or approach her against her will, in consideration of her paying him certain moneys for his expenses to Switzerland, and sending him thereafter a remittance of $25

monthly, the term, "depart for Switzerland," did not mean temporary visits, but had reference to permanent visits, and such contract was broken by his returning from Switzerland to California, and continuing to reside there, and, by reason of such breach, he was not entitled to recover in an action on the contract for the payment of the amounts of the agreed remittances.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Harry F. Sullivan, for Appellant.

S. G. Tompkins, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action on a written contract for the payment of money.   The plaintiff had judgment in the lower court for $475; but, contending that his recovery should have been for $625, the full amount claimed in the prayer of his complaint, he has appealed on the judgment-roll.

If the defendant is right in her interpretation of the written contract the judgment should be affirmed.

The contract sued on is set forth in the findings, and is as follows:

"This stipulation entered into by Victor Pezzoni of Osoflaco, San Luis Obispo County, California, and Pia Pezzoni, his wife, stipulates that, inasmuch as there is an unsurmountable incompatibility of temper and character between the husband and wife, they have herein agreed to a peaceable separation on the following terms and conditions:

"First, that said Victor Pezzoni will leave his wife's abode on Osoflaco and depart for Switzerland, and at no time hereafter will ever molest her or approach her against her will. And that their daughter Ernestina is left in the sole charge and care of the mother.

"Second, that in consideration of Victor keeping to the above agreement, Mrs. Pia Pezzoni agrees to pay immediately and hereafter the following sums as hereinafter stipulated:

"One hundred dollars for clothing and necessaries.

"One hundred and seventy-five dollars for first-class passage from Guadalupe to Switzerland; seventy-five dollars for pocket money for incidentals on the trip; a draft of one hundred dollars collectible on his arrival in Switzerland. And to send him thereafter a monthly remittance of twenty-five dollars each month.

"Each of the contracting parties agrees to comply faithfully to his or her agreement in the above stipulation.

"Done in duplicate this twelfth day of January, 1911, that each party may have a copy.

"VICTOR PEZZONI.    (Seal)

"PIA PEZZONI.    (Seal)

"Witness: S. CAMPODONIO.

"W. F. LUCAS."

It was found by the lower court that "after the execution of the agreement, and pursuant thereto, and solely by reason thereof, said Victor Pezzoni left his wife's abode and departed for Switzerland; thereafter said Victor Pezzoni returned to California, and ever since his return he has continued to reside and now resides within the state of California."

The defendant claims that the finding last quoted shows that the plaintiff has breached his contract and may not recover. We think this claim is sound. Under his contract the plaintiff was "to depart for Switzerland." The word "depart" means to go away, and is synonymous with abandon, die, and escape (Standard Dictionary). Such was its old legal meaning (Burrill's Law Dictionary). It does not imply temporary visits but has reference to permanent visits. (*Blodgett* v. *Utley,* 4 Neb. 29; *Venuci* v. *Cademartori,* 59 Mo. 352; *Webster* v. *Citizens' Bank,* 2 Neb. Unof. 353, [96 N. W. 118, 119]; *Lee* v. *McKoy,* 118 N. C. 518, [24 S. E. 210]; *In re Jack Sen,* 36 Fed. 441.) We think this meaning of the word "depart" is re-enforced by the clause that the plaintiff will never "approach her against her will." One of the ordinary meanings of the word "approach" is "to come nearer in space" (Standard Dictionary). Again his departure was a *sine qua non* so far as payments by the defendant were concerned. The plaintiff was to be paid his expenses of *going* to Switzerland, not the expenses of a round trip; his monthly allowance was not to be paid until "his arrival in Switzer-

land"; the subsequent payments defendant was "to send him" after plaintiff reached Switzerland.

The judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred. ·

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 14, 1918.