[Civ. No. 8761.  First Appellate District, Division One.—November 7, 1932.]

I. H. POLK et al., Appellants, v. LEWIS BRADBURY et al., Respondents.

Hahn & Hahn and Joseph G. Pyle for Appellants.

Orrick, Palmer & Dahlquist, Joseph T. O'Connor and Christopher M. Jenks for Respondents.

THE COURT.—The plaintiffs, as stockholders of defendant Bradbury Estate Company, a corporation, acting for themselves and other stockholders and for the company, brought the above action for an accounting against Lewis Bradbury, one of the company's officers. The complaint was filed in the Superior Court of Los Angeles County, and although the corporation was joined as a defendant no judgment was asked against it. Upon motion of both defendants an order was made changing the place of trial to the city and county of San Francisco. The grounds of the motion were that at the time the action was commenced and at all times thereafter the corporation had its principal place of business in the said city and county, and that Lewis Bradbury was a resident thereof. Plaintiffs—who have appealed from the order—opposed the motion on the ground that defendant Bradbury was a resident of Los Angeles County and was about to depart from California. In the latter connection it was alleged that he intended to go to the state of Mazatlan, Mexico. This intention was not denied, but it was alleged that his stay in Mexico was not to be permanent or prolonged, and, according to affidavits filed by him, the corporation owned property in Mexico and Canada which he visited periodically for the purpose of inspection and in the transaction of its necessary business.

That defendant Bradbury resided and the corporation had its principal place of business in San Francisco are sufficiently shown by the affidavits; but under section 395 of the Code of Civil Procedure one of the exceptions to the rule that an action must be tried in the county where the defendant resides at the commencement of the action is that "the defendant is about to depart from the state". The

facts bring defendant Bradbury literally within the exception, but the letter of the law does not always govern. The primary rule of intention is to be first applied. This is particularly true when the result of a literal interpretation would be contrary to what appears to be the true intent and meaning of the statute (23 Cal. Jur., Stats., sec. 113, pp. 734, 736). Similar phrases in statutes and contracts have been construed in the following cases: *Pezzoni* v. *Pezzoni*, 38 Cal. App. 209 [175 Pac. 801] ; *Warner* v. *Dockendorff*, 180 App. Div. 72 [16 N. Y. Supp. 247] ; *Blodgett* v. *Utley*, 4 Neb. 25, 28; *Webster* v. *Citizens' Bank*, 2 Neb. Unof. 353 [96 N. W. 118] ; and it is our conclusion that the provision quoted means that a defendant is about to depart from the state without intending to return or that there is no reasonable likelihood of his early return. The affidavits show that defendant Bradbury intended but a temporary absence, and sufficiently support the order appealed from.

The order is affirmed.