## HAISMAN et v CRISMAR

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

Charles F. Scanlon for plaintiffs in error.
John Willo, Youngstown, for defendant in error.

## OPINION

By SMITH, J.

The only question urged in this case and submitted to the court is as to whether the plaintiff below had a right to prosecute this case against her. There is no question but what the original service on her while she was a minor was defective. The filing of her original answer on January 14th, 1931, did not waive the statutory requirement as to service on a minor. Neither she nor anyone else on her behalf could waive the requirements of the statute as to service on her as a minor. It is urged by counsel for defendant in error that permitting said answer to remain on file for a period of several months after she be-

came of age and prior to her appearance in court to quash the service of summons gave the court jurisdiction. We do not concur in this conclusion.

It is further claimed by defendant in error that the plaintiff below is entitled to maintain this action against plaintiff in error by virtue of §11233 GC, which provides that the plaintiff shall have an additional year within which to commence an action in the event of the failure of an action so commenced or attempted to be commenced, otherwise than upon the merits of the case.

This accident occurred on November 25th, 1930. Therefore the statute of limitations ran on November 25, 1932, and unless the plaintiff's action comes within the curative provisions of that section, the two year time within which an action could be commenced had expired.

Sec 11233, GC, in so far as pertinent to this question, is as follows:

"In an action commenced, or attempted to be commenced, if * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff may commence a new action within one year after such date."

The decision of this question turns on what is meant by the words "or attempted to be commenced." It is urged by counsel for plaintiff in error that §11231, GC, determines this question. That section is as follows:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be the equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

It is contended by defendant in error that this section refers exclusively to what is to be termed "commencement of an action", but that §11233 GC gives certain rights, both in a situation where an action was commenced and also when attempted to be commenced. It is claimed that the action taken here comes within the purview of the words "attempted to be commenced."

We believe that the action of the plaintiff below against this plaintiff in error, failed on February 1, 1933, when the motion to quash service was sustained by the Court of Common Pleas. Obviously, the quashing of the service did not cause the plaintiff

to fail in his action by the determination of the case on its merits. Did the plaintiff below then come within the provisions of this curative statute and have an additional year within which to commence an action?

This section of the statute, being remedial in character, must be liberally construed in favor of the claimant. The case of Railway Company v Bemis, 64 Oh St, page 26, gave consideration to this section of the statute. In that case the plaintiff commenced a suit against the defendant in the Federal Court. It developed that the Federal Court had no jurisdiction of the case and the case was dismissed. The statute of limitations had run. The claimant then commenced an action in the state court against the same defendant, within one year after the dismissal of the action in the Federal Court. The court in that case say:

"Another view of the statute leads to the same result. Whether, within the meaning of §4991 GC (now §11233 GC) the suit brought in the United States Court amounted to the commencement of an action or not, nevertheless, the plaintiff having shown by his petition that he had a cause of action, and having presented it in the usual way to a court of justice, one which, had the parties been residents of different states, would have had full jurisdiction to hear and determine their rights, must be held to at least have attempted to commence an action, unless the failure to bring it in a proper court is to be regarded as negligence, laches, or a want of good faith."

The court further say, on page 39:

"Our conclusion is that the proceeding in the United States Court was the commencement of an action within the meaning of §4991, Revised Statutes (§11233 GC) and that the plaintiff, having failed otherwise than on the merits, is entitled to maintain the second action."

We believe the action taken by the plaintiff below in this case presents a stronger set of facts than the case of Railway Company v Bemis, supra. In this case a petition was filed, service had on the plaintiff in error, believing her to be an adult. She filed an answer, indicating that she was an adult. This answer remained on file and her status in this case was not raised or disclosed until more than two years, within which, under the statute, the plaintiff below might commence an action. Plaintiff in error did not ask that the petition in the Common Pleas Court be dismissed

as to her, but merely asked to have the service of summons on her quashed. The plaintiff below thereupon had alias summons issued and served upon her after she became an adult. She filed an answer in this case and the case proceeded to trial, resulting in a verdict as above stated.

It may be said that the plaintiff below did not avail himself of the right to begin a new action within the year. We do not believe it necessary that a new action be commenced when the old action was pending and the plaintiff in error had, by proper service on her, been brought within the jurisdiction of the court. A case in point is the case of Keystone Coal & Coke Company v Fekete, 232 Fed., 72. While the facts in this case are entirely different, and the question as to the service on a minor was not involved, we think the ruling of the court as to the question presented here is determinative as to whether the continuance in the same suit, after the court had acquired proper jurisdiction, comes within §11233 GC. The portion of this case in point is as follows:

"We are confirmed in this conclusion by the view that if defendant had not thus appeared in this action, but had insisted upon an entire dismissal, plaintiff would have had the right to begin a new suit at any time within one year, under the Ohio Statute (§11233 GC), providing that, if the plaintiff fails otherwise than upon the merits in an action commenced or attempted to be commenced in due time, he may commence a new action within a year after such failure, in spite of the fact that the time originally limited therefor has expired. It is not to be supposed that defendant intended to, or that it could, defeat the purpose of this last statute by voluntarily appearing in an action imperfectly commenced, and then insisting that the action in which it appeared had never been commenced at all."

Another case in point is **Louisville & Nashville Railroad Company v Greene, Admrx., 113 Oh St, page 546.** In this case suit was brought in an Ohio court for wrongful death resulting from injuries sustained in the state of Kentucky without pleading the statutes of Kentucky authorizing the recovery of damages therefor in that state. The defendant Railroad Company filed an answer denying the allegation of negligence and pleaded contributory negligence on the part of the decedent. The case was tried, resulting in a verdict for the plaintiff. The Railroad Company then

moved for judgment in its favor, n.o.v. for the reason that the pleadings did not state a cause of action in favor of the plaintiff. Prior to the disposal of that motion plaintiff filed a motion for a new trial on the ground that the verdict was contrary to law. Prior to the hearing on these motions plaintiff asked leave to amend her petition, pleading the law of Kentucky authorizing such an action. The court overruled the motion for judgment n.o.v., granted the motion for a new trial and permitted plaintiff to file an amended petition. The defendant thereupon prosecuted error to the Supreme Court of Ohio. The statute of limitations in the State of Kentucky had expired prior to the amendment of the petition. The court further held that the plaintiff, having failed in her law suit otherwise than upon the merits, and the time limit for the commencement of such action at the date of the failure having expired, she was entitled to the additional year. In that case no new action was commenced, but the case proceeded on the original petition.

We have therefore reached the conclusion that the Common Pleas Court had jurisdiction of both the person of plaintiff in error and the subject matter of the action. The petition of plaintiff in error is therefore dismissed at the costs of plaintiff in error and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

ROBERTS, J, concurs.
LYNCH, J, not sitting.