TEMPLEMAN, APPELLANT, *v.* HESTER, APPELLEE.

 

(Decided May 27, 1940.)

Mr. *C. R. Beirne,* for appellant.

Mr. *August A. Rendigs, Jr.,* and Mr. *Robert F. Dreidame,* for appellee.

MATTHEWS, J.   The plaintiff, appellant herein, instituted this action in the Court of Common Pleas of Hamilton county on August 4, 1938, to recover damages on account of personal injuries she alleged she received on the 11th day of September, 1937, through the negligence of the defendant.   At that time the defendant was a minor, and did not become 21 years of age until the 19th day of August, 1939, but no mention of this fact was made in the petition.   A summons was served upon him as though he were an adult on the 5th day of August, 1938.

On August 25, 1938, the defendant filed a motion for security for costs, which was granted on September 24, 1938.

On November 15, 1938, the defendant filed an answer by leave of court.

A motion to strike certain allegations from this answer having been sustained, the defendant filed an amended answer on January 5, 1939.

In June, 1939, the defendant's deposition was taken, in which the defendant testified that he was twenty years old at that time.

On November 6, 1939, an oral agreement was entered into between counsel to set the case for trial on January 8, 1940, and the assignment commissioner was notified, by plaintiff's counsel, of such agreement on the same day.

On December 29, 1939, a motion to quash the service of summons was filed and for the first time the fact that the defendant was a minor was brought into the record. This motion was sustained on February 23, 1940. On the same day a praecipe for an alias summons was filed. On March 4, 1940, this summons was returned showing that it had been served on February 27, 1940, by delivering a copy to the defendant personally.

On April 6, 1940, a motion was filed to quash the service of this alias summons on the ground that it had not been served within the statutory period of limitation for bringing such an action "nor within the sixty days saving period for issuance of alias summons as provided by the General Code of Ohio, Section 11231, and for the further reasons that said alias summons was improperly served upon this defendant in violation of the statutes of Ohio."

On May 10, 1940, the court made an order sustaining this motion to quash the alias summons and, reciting that "It appearing that the defendant may not be served in this action," dismissed the action, at the costs of plaintiff.

This appeal is from this judgment of dismissal.

It is clear that upon the filing of this petition and causing summons to be issued thereon the action was commenced for all purposes except the statute of limi-

tations; and that until its dismissal on May 10, 1940, it continued to be a pending action for all purposes with that exception, notwithstanding the minority of the defendant and the failure to secure legal service of summons upon him. Section 11279, General Code, so provides. It has been construed. *Rorick* v. *Devon Syndicate, Ltd.,* 307 U. S., 299, 83 L. Ed., 1303, 59 S. Ct., 877; *Bacher* v. *Shawhan,* 41 Ohio St., 271. Delay in securing service or in attempting to do so may be a ground for dismissal for failure to diligently prosecute the action, but until dismissal the action is pending.

While the defendant remained an infant, jurisdiction could be obtained over him only by service in accordance with Section 11291, General Code. No such service was made. While he was an infant the requirement could not be waived by him or on his behalf by any other person. 21 Ohio Jurisprudence, 922, Section 61.

Although pending when defendant became an adult, no relief could be granted to the plaintiff unless and until the court obtained jurisdiction over the person of the defendant by legal service of summons upon him, or by his voluntarily submitting to the jurisdiction of the court by entering his appearance. Upon thus securing jurisdiction over the defendant's person the court would be clothed with complete power to give to the plaintiff against the defendant all the relief that its jurisdiction over the subject-matter would permit. It is claimed in this case that jurisdiction was obtained over the defendant in both of these ways, that the alias summons was legally served upon him and that defendant, by agreeing to a setting of the case for trial after he had reached his majority, voluntarily entered his appearance. We shall examine these claims.

First, was the alias summons legally served upon the defendant?

It is not suggested that there is any defect in the form of the alias summons or in the manner of its

service. The only claim is that as the statutory period
—two years—of limitation for bringing an action of
this sort had expired, that prevented a valid service
in this action, even assuming that such service could
be obtained in another action prosecuted under favor
of Section 11233, General Code, which authorizes the
commencement of a new action upon the cause within
one year, when the action thereon commenced within
the time prescribed by the statute fails otherwise than
upon the merits.

On the other hand, it is urged that as this action is
pending on this cause of action, and as an action on it
is not barred, it would be a *reductio ad absurdum* to
require the dismissal of this action and then permit
the institution of a new action on the identical cause
of action in order for the plaintiff to avail herself of
the saving clause and avoid the bar of the statute of
limitations.

We are of the opinion that whether the defendant
has a defense to the plaintiff's cause of action is irrele-
vant to a consideration of the motion to quash the
service of the alias summons. Ordinarily, the allega-
tions of the answer determine the defenses available
to the defendant, and if any defense is not pleaded it
cannot be used, and frequently if it is not pleaded it is
waived. That is true of the defense of the statute of
limitations by express statutory provision. If it ap-
pears on the face of the petition that the cause is
barred, the defendant may demur on that ground.
Section 11309, General Code. But a demurrer based
on that defect in the pleading must be specific. Section
11310, General Code. If it does not appear on the face
of the petition that the cause is barred by lapse of
time, the objection may be made by answer, but if it
is not made in either way, it is waived. Section 11311,
General Code.

We, therefore, hold that the service of the alias
summons gave the court jurisdiction over the person

of the defendant and that the court erred in sustaining the motion to quash the alias summons.

Second, it is said that the oral agreement of counsel out of court to a setting of the case for trial should operate as a waiver and an entry of appearance. It should be observed that this did not involve any request for action by the court which would be a tacit recognition of jurisdiction.

Furthermore, by rule of that court, no oral agreement of counsel is regarded unless made in open court, except stipulations for trial or continuances, made with the approval of the presiding judge. It is not claimed that this stipulation was made with the approval of the presiding judge.

Third, it might be said that if the plaintiff's cause of action is barred by the statute of limitations, and that as the defendant is insisting upon that bar, the action of the trial court in dismissing the action on that ground was not prejudicial and this court should not disturb it for that reason. We are not presented with that situation.

Our examination of the law has lead us to the conclusion that this cause of action is not barred under Section 11233, General Code, and that the saving provision of that section is available in this action. It has been so decided in *Meisse* v. *McCoy's Admr.*, 17 Ohio St., 225, and *Haisman* v. *Crismar*, 18 Ohio Law Abs., 180.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

Ross, J., concurs.

Hamilton, P. J., concurs in judgment.