ARONOW, APPELLANT, v. BISHOP ET AL., DEFENDANTS; GAGEL, RESPONDENT.

(No. 8,219.)

(Submitted November 26, 1941. Decided December 29, 1941.)

[120 Pac. (2d) 423.]

612

*Mr. Louis P. Donovan,* for Appellant, submitted a brief.

*Mr. D. W. Doyle,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from an order made after judgment, vacating and setting aside the judgment as it affects defendant M. B. Gagel.

The action is one to quiet title to certain oil and gas leases. Defendant M. B. Gagel was not served personally but by publication, the regularity of which is one of the questions here. However, attorney D. W. Doyle filed a joint demurrer on behalf of Gagel and four other defendants, which on the face of the record brought the defendant Gagel under the jurisdiction of the court. After the demurrer was overruled he also filed a separate answer on behalf of Gagel and the same four defendants. It was shown later that Doyle had no authority to represent the defendant Gagel and the inclusion of her name in the demurrer and answer was an oversight brought about by the

erroneous belief that Doyle had been employed by defendant Gagel in the action. Accordingly, Doyle filed a notice of withdrawal of the demurrer and answer and of his name as attorney for defendant Gagel, reciting the above facts. Apparently nothing was done as to the withdrawal, and a default was taken against Gagel and judgment was entered on January 29, 1938. On August 29, 1940, Doyle appeared for defendant Gagel specially and moved the court to vacate the judgment on the grounds (1) that she was not personally served with summons, and (2) that the service by publication was invalid. The motion was granted and this appeal followed.

The first argument of plaintiff is that any irregularity in the service of summons on defendant Gagel is immaterial unless her appearance by demurrer and answer is nullified in some manner other than by ex parte withdrawal. It is unnecessary to consider the effect of the notice of withdrawal. Here the judgment roll shows an appearance by answer. Under the authorities the plaintiff could not at that stage of the proceedings have taken a default unless the answer were acted upon or the cause otherwise disposed of. (34 C. J. 169; *Sell* v. *Sell,* 58 Mont. 329, 193 Pac. 561.) This rule applies even though the answering defendant does not appear at the trial. (*State ex rel. Grissom* v. *Justice Court,* 31 Mont. 258, 79 Pac. 498.) In apparent recognition of this rule, plaintiff filed a praecipe for default which on its face amounts to a confession that the demurrer and answer were properly withdrawn from the case.

The praecipe for default filed by plaintiff reads as follows: "Please enter the default of the defendant M. B. Gagel, for failure to demur, answer, or otherwise appear to the complaint of plaintiff." The plaintiff by filing this praecipe recognized that there was no appearance by defendant Gagel, and relied solely upon the validity of the service of summons by publication. He is precluded from taking a different position now, particularly when to do so would also compel the setting aside of the judgment because no default judgment could properly have been entered if the answer be still considered as properly on file.

On the face of the record, the judgment must stand or fall ▮ upon the efficacy of the service by publication. The defect in that service is alleged to be that the affidavit upon which the order was made was insufficient. The affidavit was somewhat similar to the one which was held insufficient in *Aronow* v. *Anderson*, 110 Mont. 484, 104 Pac: (2d) 2, 3. The affidavit in that case stated that Anderson resides ''out of the State of Montana, and cannot after due diligence be found within the State of Montana,'' and that his last known residence was Shelby, Montana. We there held the affidavit insufficient in that it did not set forth the facts upon which the conclusion was stated that defendant resides out of the State of Montana. Here the affidavit recites: ''That defendant Gagel is a resident of the State of Montana, but is absent from said State of Montana, and that her last known residence is Kevin, Montana.'' Under the statute (Rev. Codes, 1935, sec. 9482), there can be service by publication when the defendant has departed from the state. If we concede that the words ''absent from the state'' may be, under a given set of circumstances, equivalent to the words ''departed from the state,'' still it is not so in every case. A person who has departed from the state is necessarily absent therefrom. But it does not follow that a person who is absent from the state under all circumstances has departed therefrom within the meaning of the statute. That a person has ''left the state'' does not mean that he has ''departed from the state.'' (*Williams* v. *Williams*, 57 Cal. App. 36, 206 Pac. 650, 652.) In order that absence from the state be sufficient ground for publishing summons, there must be a prolonged or protracted absence, amounting to a departure, as distinguished from a mere temporary absence. (*Blodgett* v. *Utley*, 4 Neb. 25; *Polk* v. *Bradbury*, 127 Cal. App. 383, 15 Pac. (2d) 865.) The affidavit must state facts from which the conclusion can be reached that there was no intention of immediate return, as well as facts supporting the conclusion that defendant is absent from the state, particularly where, as here, it shows that defendant's residence is within the state.

The affidavit was insufficient upon which to base an order for publication of summons. The default judgment was improperly entered, no matter which view is taken to sustain it. The trial court was not in error in entering the order vacating the judgment.

The order appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.