Blodgett v. Utley.

---

HARRISON H. BLODGETT, PLAINTIFF IN ERROR, v. JOSEPH UTLEY, DEFENDANT IN ERROR.

1. **Limitation of Action: ABSENCE.** The mere temporary absence of a debtor from the state, when such debtor has a usual place of residence therein where service of summons can be had upon him, does not suspend the statute of limitations.

2. ———. The words "usual place of residence," mean the place of abode at the time of service.

ERROR to the district court of Lancaster County.

This action was brought on a judgment rendered in the circuit court of Whiteside County, Illinois, on the 9th day of June, A. D. 1866. The cause was commenced in the district court on the 15th day of November, A. D. 1873. Blodgett, who was defendant there, plead the

statute of limitations, which provides that an action on a foreign judgment can only be brought within five years after the cause of action shall have accrued. *Gen'l Statutes, Sec.* 10, *p.* 525. The following agreed statement of facts appears in the record brought to this court:

"On motion for a new trial, which was overruled, and on error from the district to the supreme court the following facts are agreed to by the parties, plaintiff and defendant:

That the defendant Harrison H. Blodgett came publicly into the state of Nebraska on the 15th day of January, A. D. 1868, and established a domicile; was temporarily absent from the state of Nebraska, four weeks in March, 1868, at Atchison, Kansas, and in different places in Missouri; was again temporarily absent three weeks in April and May, 1868, in different places in Illinois; returned to Nebraska, but was again temporarily absent in July and August, 1868, four weeks in different places in Illinois; then returned to Nebraska, and was again temporarily absent four weeks in November and December, 1868, in different places in Illinois; returned to Nebraska, but was again temporarily absent from the state for three weeks in February and March, 1869, at different places in Illinois and Iowa; again returned to Nebraska, and built a house in Otoe county in April, 1869, on land that defendant then owned. Afterwards, and up to the commencement of this action kept a furnished house there which was the usual place of residence of defendant. In August, 1871, defendant temporarily left the state of Nebraska, and stayed away two weeks in Hamburg, Iowa; returned to the state and was again absent in October and November, 1871, four weeks at different places in Iowa; returned to the state, and was again temporarily absent in the month of May, June, July, and August, 1872, at different times and different places in Missouri and Iowa, all together mak-

ing about three months; then returned to the state of Nebraska, and was again temporarily absent in October and November, 1872, in different places in Kansas for five weeks; that during each and every absence the defendant had a usual place of residence in different places in Nebraska, where service of summons could be had on him, and where at all times defendant had, in Otoe county, Nebraska, real estate subject to attachment; that aggregating these successive absences, and deducting from the period limited by the statute, the action was not barred; if not enough of these absences are to be deducted from that period then the action is barred."

Judgment being rendered against Blodgett for the amount claimed in the petition, he brought the cause here by petition in error.

*H. H. Blodgett*, the plaintiff in error, *pro se.*

The learned judge who tried this cause in the court below, gave the statute a literal construction, without paying any attention whatever to the service of process, therefore deducting temporary absences when the debtor was at all times subject to the jurisdiction of the state courts.    But such a literal construction of the statute without giving any attention whatever to the service of process, the courts have never seen fit to give, but they have universally held that if personal service of summons could be had on the debtor during his absence, it was the legislative intent that the statute would run during such an absence; and the legislative intent will prevail over a literal construction of the statute.  *Penley v. Waterhouse,* 1 *Iowa,* 498.  *Sage v. Hawley,* 16 *Conn.,* 106.    *White v. Campbell,* 22 *Mich.,* 193.   *Ford v. Babcock,* 2 *Sandf.,* 527.   *Gilman v. Cutts,* 3 *Foster,* 376.

As the agreed statement of facts shows, the plaintiff

in error's absences were but flying temporary absences with a definite return, and that the plaintiff in error had at all times a usual place of residence where service of process could be had, therefore the court below erred in deducting temporary absences.

*Pound & Burr*, for defendant in error.

In cases which arise under the latter branch of section twenty, chapter 57, p. 526 of the General Statutes, successive absences may be accumulated, and the aggregate deducted from the period limited for the commencement of an action. *Lane v. The National Bank of the Metropolis*, 6 *Kan.*, 74. *Cole v. Jessup*, 10 *New York*, 96. *Phillips v. Holman*, 26 *Texas*, 276. *Vanlandingham v. Huston*, 4 *Gil.*, 125. *Chenot v. Lefevre*, 3 *Gil.*, 637. *Berrien v. Wright*, 26 *Barb.*, 208.

MAXWELL, J.

The agreed statement of facts on which this case was submitted sets forth that "during each and every absence the defendant had a usual place of residence in different places in Nebraska, where service of summons could be had on him."

Section twenty of the code of civil procedure provides as follows: "If, when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded, or concealed; and if, after the cause of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought." Section sixty-nine provides the mode of ser-

vice of summons. "The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence at any time before the return day."

It is clear that if we are to be governed by the strict literal language of the statute, that the several periods of absence of the plaintiff in error from the state, must be deducted from the five years and ten months during which he has resided in this state, in which case the action is not barred. Do the words "depart from the state," as used in section twenty, mean a mere temporary absence from the state while the debtor's usual place of residence is here, or are they intended to apply to such an absence from the state as entirely suspends the power of the plaintiff to commence his action? We think it was the intention of the legislature to give the creditor five full years to commence his action, and if during that period, the right to proceed in our courts to reduce the claim to judgment is suspended by reason of the absence or concealment of the debtor, the period of *such* absence should not be computed as any part of the time within which an action may be brought. It is one of the grounds for attachment under our code that the debtor "so conceals himself that summons cannot be served upon him," and it is evident that the reason of suspension of the statute of limitations, in case of concealment, is because service of summons cannot be had on the debtor in consequence thereof.

In the case of *Sage v. Hawley*, 16 *Conn.*, 106, the court, in construing the words "without the state," say: "considering this provision as being designed to protect the rights of the plaintiff, in those cases where it was not practicable for him to enforce them by suit, in consequence of the absence of the defendant from the state, its justice and propriety are most obvious. But it is not necessary, nor does justice seem to require, that we should

extend it by construction, so far as to include in the computation of the time limited for bringing suits, those periods when the defendant was personally out of the state, but during which the plaintiff might notwithstanding have commenced a personal action against him, by the judgment in which he would be conclusively bound." *Penley v. Waterhouse*, 1 *Clarke*, 498.

The case of *Lane v. The National Bank of the Metropolis*, 6 *Kan.*, 75, is cited by defendant in error as holding that mere absence from the state is sufficient to prevent the statute from running. From the agreed statement of facts in that case "that said J. H. Lane resided in Lawrence, Kansas, where he kept and maintained a furnished house; that he was a member of the United States Senate; that he was in Washington with his wife and other members of his family from November, 1865, until the middle of June, 1866," it is evident that Lawrence was not his usual place of residence during his stay in Washington. The words "usual place of residence" mean the place of abode at the time of service. *Gadsen v. Johnson*, 1 *Nott & McCord*, 89. If the party is out of the state for a temporary purpose merely, then his residence is still here and service may be made at his usual place of residence. *Frear v. Cruikshanks*, 3 *McCord*, 84.

It appears from the agreed statement of facts, that service of summons could at all times, since the 15th day of January, 1868, have been had on the plaintiff in error at his usual place of residence in this state. So far as appears there has been no suspension of the right of the defendant in error to proceed in our courts and reduce his claim to judgment; and the right to merge his demand in judgment not having been suspended, the court erred in deducting the time the plaintiff in error was absent temporarily from this state. The judgment

of the district court is therefore reversed and cause re-manded.

JUDGMENT REVERSED.

GANTT, J, concurred. LAKE, Ch. J., before whom the cause was tried in the district court, said that he fully concurred in the opinion of the court upon the record as it appeared here, but that the evidence was entirely different on the trial below, from that set forth in the agreed state of facts submitted to this court.