OMAHA & FLORENCE LAND & TRUST CO. V. JAS. M. PARKER.

[FILED JANUARY 20, 1892.]

1. Adverse Possession: REQUISITES: AGENTS. To entitle a party to claim by adverse possession, he must have made an actual entry upon the lands and occupied the same as owner This occupancy, however, may be continued by his agents and servants.

2. ———: ———. The possession must be actual, notorious, continuous, and exclusive, and may be by fencing and pasturing the land, cultivation, etc., and the payment of taxes.

3. **Limitations of Actions**: ABSENCE FROM STATE. To prevent the running of the statute of limitations against a party who has removed from the state the absence must be such as will prevent the bringing of an action against him during such absence. If there is no suspension of the right to bring and maintain a suit, the running of the statute will not be interrupted.

4. **Ejectment**: ABSENCE OF PART OF DEFENDANTS FROM STATE. An action to recover the possession of land may be brought against those in possession thereof although some of the parties may be absent from the state.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Congdon & Hunt*, for plaintiff in error:

This is an action *in personam* and does not fall within sec. 17 of the Code. (*Mankin v. Chandler*, 2 Brock. [U. S.], 125; *Mills v. Caldwell*, 2 Wall. [U. S.], 41; *Watkins v. Reed*, 30 Fed. Rep. [Kan.], 908; Wood, Lim. Actions, sec. 252; *Bass v. Bass*, 6 Pick. [Mass.], 362; *Jordan v. Robinson*, 15 Me., 167; *Keith v. Estill*, 9 Port. [Ala.], 669; *Bedell v. Janney*, 4 Gilm. [Ill.], 193; *Elder v. Bradley*, 2 Sneed [Tenn.], 247.) An employe is not an occupant within the rule governing ejectment. (*Chiniquy v. Bishop of Chicago*, 41 Ill., 148; *Hawkins v. Reichert*, 28 Cal., 534; *Doe v. Staunton*, 1 Chitty [Eng.], 119.)

*Lake & Hamilton, contra:*

The modern action of ejectment is one *in rem*. (Washburn, Real Prop., 464, and cases; Maxwell, Pl. & Pr., 610, and cases; *Pennoyer v. Neff*, 5 Otto [U. S.], 715; *Peters v. Dunnells*, 5 Neb., 465; *Williams v. Lowe*, 4 Id., 397; *Gartrell v. Stafford*, 12 Id., 547; *Atkins v. Atkins*, 9 Id., 202; *Watkins v. Reed*, 30 Fed. Rep. [Kan.], 908; *Lejeune v. Harmon*, 29 Neb., 268; *Arndt v. Griggs*, 10 S. Ct. Rep. [Neb.], 557.) During Parker's absence, his son was in charge of the premises and was a proper party defendant. (*Cunningham v. Brumback*, 23 Ark., 336;

*Hendricks v. Rasson*, 44 Mich., 104; *Hawkins v. Reichert*, 28 Cal., 535; *Hunton v. Nichols*, 55 Tex., 217.)

MAXWELL, CH. J.

This action was brought in the district court of Douglas county by the plaintiff against the defendant to recover the possession of "outlots" 226. and 227 in the city of Florence. The answer contained, first, "a general denial"; second, "a plea of title in the defendant, and the statute of limitations." To this answer a reply was filed. setting forth, among other things:

"First—A denial that the statute had barred the action.

"Second—Further replying, plaintiff alleges that said defendant is now, and for fifteen years last past has been, a non-resident of Nebraska, and has visited this state at intervals, remaining here but a few days at a time, the aggregate of which time, during said period, would not exceed ninety days.

"Third—That the lots described in the answer lie within a general inclosure, including eighty acres and upwards, composed of numerous and similar lots, some of which defendant owns in fee, others he holds as co-tenant of an undivided moiety, and others still that he neither holds nor claims to hold adversely.

"Fourth—That said lots lie within the corporate limits of the city of Florence, and, as designated on the recorded plat thereof, are entirely surrounded by streets dedicated to the public, and that the fence comprising the general inclosure, as above stated, is not on the line of said lots, nowhere touches any of them, and that none of said lots are inclosed or surrounded by a fence.

"Sixth—That neither said defendant nor any one else has been in the actual possession of said premises at any time during the period mentioned in said answer. The testimony shows that the defendant lived in the city of Florence and at his home just outside of Florence, which

is known as the Parker homestead, and of which this property forms a part, continuously from the year 1856 down to 1878; that since the latter date he has resided at Davenport, Iowa, but has made very frequent visits to his old homestead near Florence, at intervals of from two to four months, remaining there each visit from a few days to as long as one month; that one or more of his family has, all the time since defendant's removal to Davenport, been on the Florence homestead with authority to represent defendant there as agent in all matters pertaining to his property interests, and has been in the actual occupancy of 'outlots 226 and 227.'"

The testimony shows that in the year 1865 defendant received and placed upon record a tax deed to said "outlots" 226 and 227, and paid the unpaid taxes against them, which extended back to the year 1859, and has ever since paid the taxes thereon; that in the spring of 1866 he sowed these lots with blue grass seed and subsequently used the same as a pasture, for which they are best adapted and most profitable. At first his stock was herded upon these lots every year, excluding the claims of all others, and later the lots were inclosed by a substantial fence in 1873 and 1874, and they have been kept fenced and been used as a pasture all the time to the commencement of plaintiff's action.

In *Blodgett v. Utley,* 4 Neb., 25, the case of *Sage v. Hawley,* 16 Conn., 106, was cited with approval so far as it relates to a suspension of the running of the statute, and it was held, in effect, that if the right to bring an action during the defendant's absence was not suspended that the statute was not available as a defense. That case has not, so far as we are aware, been questioned. The question was carefully considered and we believe the decision is right, and it will be adhered to.

Now, aside from section 17 of the Code, was the right of action suspended during the defendant's absence? We

think not.   While the possession to be adverse must be actual as contrasted with constructive possession, yet such possession may be by an agent or tenant. (1 Am. & Eng. Ency. of Law, 254, and cases cited.)   Actual possession is simply having the property in the immediate control or power of the party; when applied to land it means an actual entry and occupation thereof.   This occupation may be disclosed by the appropriate use of the property according to its quality and condition, and may be by fencing and pasturing the land, by cultivation and payment of taxes, claiming to be the owner thereof.   This occupation, if begun by a person by actual entry, may be continued by him by his agents or servants, because he is thus retaining the possession through them. (1 Am. & Eng. Ency. of Law, 184*g*, 184*h*, and cases cited.)   The absence of the defendant from the state did not suspend the right of the plaintiff to bring an action to recover the possession of the land in question.   The land was in Douglas county, and in the possession of the defendant, through his agent, and the plaintiff could have proceeded against him and his agents to recover the possession. (*Gartrell v. Stafford*, 12 Neb., 545.)   Having failed to do so, the action is barred. The judgment of the court below is right, and is

AFFIRMED.

THE other judges concur.