Howard GATLIFF, Plaintiff,

v.

LITTLE AUDREY'S TRANSPORTATION CO., Inc., a Foreign Corporation; Duane L. Jeffers and Agnes Rojas, Defendants.

Civ. No. 1673 L.

United States District Court,
D. Nebraska.
Sept. 30, 1970.

Joseph J. Cariotto, Lincoln, Neb., for plaintiff.

Robert A. Nelson, Lincoln, Neb., for Agnes Rojas.

URBOM, Judge.

The issue is whether the cause of action of the plaintiff is barred by Nebraska's statute of limitations, § 25–207 Nebraska R.R.S.1943.

On April 15, 1970, the plaintiff filed a complaint alleging that he, a resident of Nebraska, received personal injuries and property damage from a collision on or about April 17, 1966, in Lincoln County, Nebraska, between an automobile being driven by him and a vehicle being driven by the defendant Agnes Rojas, a resident of California. A summons was issued on April 15, 1970, and was served by a deputy United States marshal on April 17, 1970, the return showing that service on the defendant Rojas was "by

handing to and leaving a true and correct copy thereof with Irene Zimmerman, Secretary of State Office, State of Nebraska, Lincoln, Nebraska, personally, she being a person authorized in writing by Frank Marsh, Secretary of State, State of Nebraska, at Lincoln, Nebraska, to accept service of process personally. * * *" The plaintiff's counsel on April 21, 1970, requested issuance of an alias summons for service upon the Secretary of State personally. Pursuant to that request, an alias summons was issued on April 22, 1970, and served by a deputy United States marshal by serving the Secretary of State personally on April 23, 1970. An affidavit of the plaintiff's counsel shows that on April 28, 1970, he sent to the defendant Rojas by certified mail a copy of the complaint, a copy of the summons, a copy of the alias summons, and a copy of each of the marshal's returns.

The motion to dismiss is founded upon the assertion that the initial summons was not validly served and no copies of that process and notice of service were sent within ten days after the date of service to the defendant, and that by the time of the issuance of the alias summons Nebraska's four-year statute of limitations had run, barring the claim.

## SERVICE OF THE INITIAL SUMMONS.

Service of summons for actions arising out of collisions of motor vehicles in Nebraska is authorized under the nonresident motorists statute, § 25–530, Nebraska R.R.S.1943, which states:

"(5) Service of such process shall be made by serving a copy thereof upon the Secretary of State, personally in his office in the State Capitol or elsewhere or, *if the Secretary of State is absent from or is not found in his office in the State Capitol at the time of the attempted service,* by leaving a copy of all legal processes served in the office of the Secretary of State with any person employed in the office of the Secretary of State who, previously to such service, has been designated in writing by the Secretary of State as the person or one of the persons with whom such copies may be left for such service upon the Secretary of State, together with a fee of two dollars, and such service shall be sufficient service upon the said nonresident: *Provided, that notice of such service and a copy of the process shall, within ten days after the date of service, be sent by the plaintiff to the defendant by either registered or certified mail addressed to the defendant's last known address* * * *." (Emphasis added)

■ Nothing before the court, including the deputy marshal's return of April 17, 1970, shows compliance with the statute. Service upon a person designated by the Secretary of State to receive service is authorized only if the Secretary of State is absent from or is not found in his office. That prerequisite is not established in this case, and the service, accordingly, of the initial summons must be held to be invalid. This court makes no decision as to whether failure to give notice of the service and a copy of the process within ten days after the date of the purported service renders the service invalid.

## STATUTE OF LIMITATIONS.

The provisions of § 25–207(2) or in the alternative § 25–207(3) Nebraska R.R.S.1943[1] require that an action for personal injuries and property damage must be brought within four years after the cause of action shall have accrued. That the statute of limitations of the state which has created the right of action must be applied by federal courts is determined by Ragan v. Merchants

[1]. Section 25–207 provides:
"The following actions can only be brought within four years: * * * (2) an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; * * *."

Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), wherein the court in deciding that precise issue said:

> "Here * * * there can be no doubt that the suit was properly commenced in the federal court. But * * * we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. * * * It accrues and comes to an end when local law so declares. * * * Where local law qualifies or abridges it, the federal court must follow suit. Otherwise there is a different measure of the cause of action in one court than in the other, and the principle of Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] is transgressed."

When is an action commenced? By Rule 3 of the Federal Rules of Civil Procedure "A civil action is commenced by filing a complaint with the court." In the present case the plaintiff filed his complaint before expiration of the four-year statute of limitations and, accordingly, if Rule 3 is to be followed, the action was timely and the motion to dismiss must be overruled. On the other hand, by § 25–217 Nebraska R.R.S. 1943 [2] an action is deemed commenced at the date of the summons which is served upon the defendant. Here, the date of the summons which validly was served upon the defendant [3] was April 22, 1970, five days after the expiration of the four-year period following the accident and, therefore, if the Nebraska statute as to commencement of an action is controlling, Nebraska's statute of limitations may bar and require a dismissal of the action. Gorgen v. County of Nemaha, 174 Neb. 588, 118 N.W.2d 758 (1962).

■ I am governed by Groninger v. Davison, 364 F.2d 638 (C.A. 8th Cir. 1966), which holds that the state law concerning how an action is commenced to enforce rights created by state law must be adopted by the federal court in which the action is pending. The court in *Groninger* said:

> "Plaintiff-appellant's second point is more troublesome, but we believe was correctly decided by Judge Hanson. The case is, we think, controlled by Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. There, a diversity suit for damages because of injuries sustained in an automobile accident which occurred less · than two years before the filing of the complaint but where the summons was not served until more than two years after the date of the accident, it was held that summary judgment in behalf of the defendant was proper. * * *

> *  *  *  *  ·  *  *

> "It is the contention of the plaintiff-appellant that the Supreme Court of the United States, in Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, overrules Ragan v. Merchants Transfer & Warehouse Co., supra. The court there held that in a civil action in a federal court, where jurisdiction is based upon diversity of citizenship, service of process shall be made in the manner set forth in the Federal Rules of Civil Procedure, Rule 4(d) (1), rather than in the manner prescribed by state law. While citing and referring to *Ragan*, the court very carefully avoids overruling its holdings. * * *

> "While it is difficult to reconcile Hanna v. Plumer, supra, with the holding in *Ragan*, we nevertheless must conclude that the majority of the Supreme Court, in supporting the opin-

---

2. "An action shall be deemed commenced, within the meaning of this Chapter, as to the defendant, at the date of the summons which is served upon him; where service by publication is proper, the action shall be deemed commenced at the date of the first publication, which publication shall be regularly made."

3. No contention is made by the defendant that service of the alias summons was improper.

ion written by the Chief Justice, felt that it was not an overruling of *Ragan*. Until the Supreme Court itself overrules its very positive statements in *Ragan*, the lower courts must follow its holdings. * * * "

This action, therefore, was commenced more than four years after the accrual of the cause of action. It is barred by Nebraska's statute of limitations unless that statute was tolled, as is urged by the plaintiff, by § 25–214 Nebraska R. R.S.1943, which provides:

"If, when a cause of action accrues against a person, he is out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is absconded or concealed; and if, after the cause of action accrues, he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

Although the precise issue of whether one "departs from the state" within the meaning of § 25–214 when he physically returns to his state of residence out of Nebraska, having appointed the Secretary of State as his agent for service of process arising from an automobile accident within the State of Nebraska, has not been decided by the Supreme Court of Nebraska, a closely analogous issue has been resolved by that court. In Blodgett v. Utley, 4 Neb. 25 (1875), interpreting the tolling statute which was then the same as the present one [4], the court held that temporary absence of a debtor from the state, when the debtor has a usual place of residence in the state where service of summons could be had upon him, does not suspend the statute of limitations. The court said:

"It is clear that if we are to be governed by the strict literal language of the statute, that the several periods of absence of the plaintiff in error from the state, must be deducted from the five years and ten months during which he has resided in this state, in which case the action is not barred. Do the words 'depart from the state,' as used in section twenty, mean a mere temporary absence from the state while the debtor's usual place of residence is here, or are they intended to apply to such an absence from the state as entirely suspends the power of the plaintiff to commence his action? We think it was the intention of the legislature to give the creditor five full years to commence his action, and if during that period, the right to proceed in our courts to reduce the claim to judgment is suspended by reason of the absence or concealment of the debtor, the period of *such* absence should not be computed as any place of residence in this state. So the plaintiff in error at his usual part of the time within which an action may be brought * * *

* * * * * *

"It appears from the agreed statement of facts, that service of summons could at all times, since the 15th day of January, 1868, have been had on far as appears there has been no suspension of the right of the defendant in error to proceed in our courts and reduce his claim to judgment; and the right to merge his demand in judgment not having been suspended, the court erred in deducting the time the plaintiff in error was absent temporarily from the state."

The principle was reaffirmed in Omaha & Florence Land & Trust Co. v. Parker, 33 Neb. 775, 51 N.W. 139 (1892) and has not been challenged since that time, apparently.

In the *Blodgett* case the Supreme Court of Nebraska relied in part upon a decision of the Supreme Court of Connecticut, Sage v. Hawley, 16 Conn. 106. Since then the Supreme Court of Connecticut has applied the same rule where there was a statute providing for service

---

4. Comp.Stat.Neb.1875, p. 855, Code of Civil Procedure, Sec. 20.

of process upon the highway commissioner for accidents occurring upon the highways of Connecticut, holding that absence from the state does not suspend the period of limitations. Coombs v. Darling, 116 Conn. 643, 166 A. 70 (1933). The same holding has been made in a significant number of other states: Hurwitch v. Adams (Del.1959), 151 A.2d 286; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17 (1938); Kokenge v. Holthaus, 243 Iowa 571, 52 N. W.2d 711 (1952); Hammel v. Bettison, 362 Mich. 396, 107 N.W.2d 887 (1961); Haver v. Bassett (Mo.App.1956), 287 S. W.2d 342, and Scorza v. Deatherage, 208 F.2d 660 (C.A. 8th Cir. 1954) (applying Missouri law); Bolduc v. Richards 101 N.H. 303, 142 A.2d 156 (1958); Moore v. Dunham, 240 F.2d 198 (C.A. 10th Cir. 1956) (applying Oklahoma law); Whittington v. Davis, 221 Or. 209, 350 P.2d 913 (1960); Arrowood v. McMinn County, 173 Tenn. 562, 121 S. W.2d 566 (1938); Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915 (1964); Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189 (1947). To the contrary are: Blackmon v. Govern, 138 F.Supp. 884 (U.S.D.C.N. J.1956) (applying New Jersey law) and Gotheiner v. Lenihan, 20 N.J.Misc. 119, 25 A.2d 430 (1942); Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139 (1950); Chamberlain v. Lowe, 252 F.2d 563 (C. A. 6th Cir. 1958) (applying Ohio law); Macri v. Flaherty, 115 F.Supp. 739 (U. S.D.C.S.C.1953) (applying South Carolina law); Bode v. Flynn, 213 Wis. 509, 252 N.W. 284 (1934).

The present case falls within the rationale of Blodgett v. Utley, supra. As far as appears from the record, the defendant Rojas could have been served by means of the nonresident motorists statute at all times since the arising of the cause of action and nothing has been done to interfere with that ability. The purpose of statutes of limitations is to bring within a reasonable time an end to the uncertainties of litigation. The purpose of the tolling statute is to overcome the effects of acts of a debtor in interfering with a creditor's ability to enforce his claim. Where a nonresident motorists statute permits the exercise of a creditor's right without interference arising from the physical absence of the debtor from the state, the purpose of the statute of limitations would be frustrated by holding that such absence suspends the running of the statute of limitations. To suspend the statute of limitations during the absence of one who is a nonresident and who, therefore, may never return to the state of Nebraska, would in effect eliminate all time limitations for the bringing of an action. Such a result could hardly have been intended by the legislature.

In construing a statute the court must look to the objective to be accomplished, the evils and mischiefs sought to be remedied, or the purpose to be served, and place on it a reasonable construction which will best effect its purposes, rather than one which will defeat it. City of Grand Island v. Ehlers, 180 Neb. 331, 142 N.W.2d 770 (1966).

I conclude that the Supreme Court of Nebraska would hold that under Nebraska law the statute of limitations is not tolled by the absence from the state of an alleged tortfeasor who was involved in an automobile accident within the state, if at all times following the accident he could be sued in the state by virtue of a nonresident motorists statute by which the motorist has been deemed to have appointed the Secretary of State as his agent for service of process for actions arising from the accident.

It follows that the period of limitations has expired as to the defendant Rojas, and that the motion to dismiss must be sustained.

An order so directing will be entered.