Mervin V. BARTELS and Bertha L. Bartels, Plaintiffs and Appellees,

v.

The ANACONDA COMPANY, a corporation, Defendant and Appellant,

and

Lawrence County, a Political Subdivision of the State of South Dakota, and the State of South Dakota, Defendants.

No. 13093.

Supreme Court of South Dakota.

Argued Jan. 7, 1981.

Decided April 8, 1981.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiffs and appellees.

Max S. Main of Mueller & Bennett, Belle Fourche, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment which found that Mervin V. Bartels and Bertha L. Bartels (Bartels) had established title by adverse possession to the surface rights of approximately 4.1 acres of land in Lawrence County, South Dakota. The Anaconda Company (Anaconda), record titleholder, appeals. We reverse and remand.

The subject matter of this appeal is a 4.1 acre tract of land which is located on portions of Mineral Point, Oxford, Mohawk, Lone Jack and Lone Pine Lodes of Mineral Surveys 1065 and 1073 (MS 1065 and MS 1073), near Terry Peak road in Nevada Gulch, Lawrence County, South Dakota. This land was originally patented to New Era Mining Company in 1896. Anaconda obtained title to this land in 1973 from Golden Reward Mining Company, who had obtained it through various conveyances leading back to New Era Mining Company.

Bartels' title is rooted in a 1942 quitclaim deed from Joe Krieger to Charles Franklin DuBois. The 1942 deed stated, in part, that the property transferred was: "[A] [s]ix room house, including all additions and outbuildings upon the premises located on a portion of M.S. # 1073 known as the Lone Pine and Lone Jack Lodes, in Nevada Gulch, about two and one-half miles westerly from Lead, South Dakota." In 1947, DuBois transferred this to John Migotti, who in turn transferred it to Floyd I. Bell. In 1956, Bell conveyed this property to Julius E. Schaefer and his wife. In 1972, the Bartels obtained this property from Schaefer by a quitclaim deed; which contained substantially the same description as the 1942 deed with the following addition: "Further description of the property: House and other improvements being located on Golden Reward Mining Ground . . . ."

On January 15, 1979, the Bartels brought a quiet title action against Anaconda, after it had requested that they vacate the land. Anaconda counterclaimed for title to the land and for a judgment that the Bartels were trespassing on other Anaconda property. The trial court found that the Bartels had established title to the surface rights of this land through adverse possession. The court further found that the Bartels did not have title to the mineral rights and that the Bartels were not trespassing.

Anaconda raises several issues on appeal, which may be summarized as follows: (1) Were Bartels and their predecessors' possession adverse to Anaconda and did it last for the prescribed period of twenty years; (2) were the Bartels trespassing on other Anaconda land; and (3) did the trial court err in using the wrong standard for the establishment of adverse possession?

█ Anaconda's first issue asks that we overturn the trial court's findings of fact that the Bartels had possessed the land adverse to Anaconda. We will not overturn findings of fact unless they are clearly erroneous and we are satisfied that they are contrary to a clear preponderance of the evidence. See, *Cuka v. Jamesville Hutterian Mut. Soc.*, 294 N.W.2d 419 (S.D.1980);

*Cunningham v. Yankton Clinic, P.A.*, 262 N.W.2d 508 (S.D.1978); *Mulder v. Tague*, 85 S.D. 544, 186 N.W.2d 884 (1971).

The Bartels and their predecessors have maintained a fence on M.S. 1065 and M.S. 1073. Exhibits introduced at trial show that the fence consists of three strands of wire strung between fence poles and trees, which was substantial enough to turn livestock. Generally, "[w]here lands are wild and uncultivated and they are used for pasturage or for obtaining timber . . . a substantial inclosure might consist in a wire fence sufficient to indicate a purpose to claim the ownership and use of the land to the exclusion of all others and to protect the land from trespassing vehicles, riders, or stock." *Baugher v. Boley*, 63 Fla. 75, 87, 58 So. 980, 984 (1912). See: *Grant v. Strickland*, 385 So.2d 1123 (Fla.App.1980); *Omaha & Florence Land & Trust Co. v. Parker*, 33 Neb. 775, 51 N.W. 139 (1892); *Norgard v. Busher*, 220 Or. 297, 349 P.2d 490 (1960); *Walker v. Sorenson*, 64 S.D. 143, 265 N.W. 589 (1936); see generally, *Cuka v. Jamesville Hutterian Mut. Soc.*, supra. Therefore, under SDCL 15–3–11 and 15–3–13, the trial court held that the Bartels had established title to this land by adverse possession. We do not agree with this conclusion.

In *Broadhurst v. American Colloid Company*, 85 S.D. 65, 74, 177 N.W.2d 261, 266 (1970) (emphasis added) (citations omitted), we stated:

A use which is not hostile or adverse will not ripen into a prescriptive right. . . . Physical exclusion of all others under a *claim of right* under our statutes has been said to be the sole test of adverse possession.

See *First Church of Christ, Scientist v. Revell*, 68 S.D. 377, 2 N.W.2d 674 (1942).

■ The record is replete with evidence that the Bartels' possession was neither hostile nor under any actual claim of right or ownership. First and foremost, at trial, Mr. Bartels testified on cross-examination as follows:

Q [Appellant's counsel]: So you never claimed the land adversely to anyone?

A [Bartels]: No.

Moreover, a letter dated May 30, 1974, wherein the Bartels expressed an interest in purchasing this land from Anaconda, indicates a further lack of hostile possession or claim of right by the Bartels. Also, in 1972 the Bartels executed a mortgage to this land which described the house and improvements being mortgaged as "being located on Golden Reward ground," resulting in another disclaimer of adverse possession by the Bartels. Finally, there was testimony received at trial indicating that the Bartels had informed Anaconda's local caretaker that the Bartels had a ninety-nine year lease covering this land from Golden Reward.

Although any one of these disclaimers, standing alone, would probably not be enough to overturn the findings of the trial court, we find that the totality of the evidence indicates that the findings are clearly erroneous. The evidence consistently, continually, and unambiguously indicates a total lack of any claim of right or hostile and adverse possession of this land by the Bartels. Instead, there are at least four disclaimers of title to this land. The effects of such disclaimers of title are:

" . . . An occupant's disclaimer of title prior to the running of limitations precludes his acquisition of title by adverse possession unless he thereafter claims and holds for the statutory period."

*Weisel v. Hobbs*, 138 Neb. 656, 665, 294 N.W. 448, 452 (1940).

Therefore, because of the Bartels' disclaimers of title and lack of a hostile and adverse possession, we find that they have not established title by adverse possession in the Anaconda property.

■ Anaconda's next issue on appeal is whether the Bartels were trespassing on Anaconda land. This contention is not based upon the land claimed by adverse possession; rather, it concerns the dumping of garbage upon other Anaconda land.

Mr. Bartels admitted at trial that he has dumped garbage, without permission, upon

the Anaconda land in question. The trial court found "[t]hat plaintiffs [Bartels] have not dumped any more trash or junk on Mineral Survey 1073, outside of the 4.1 acre area ... than has any member of the community. That a great portion of said trash or junk was on the site before plaintiffs moved to the area."

We find that the trial court erred in denying Anaconda recovery for trespass. The mere fact that others in the community have continually used this for a dumping place may have a great influence on the amount of damages awarded; however, it should not serve as an affirmative defense to this action. Anaconda is at least entitled to nominal damages on this issue. Therefore, we reverse and remand to the trial court for a determination of damages.

■ Anaconda's final issue is whether the trial court applied the proper standard for adverse possession. This issue was never raised in the trial court and is raised on appeal only in Anaconda's reply brief. "Since our function is that of review, issues not presented to the trial court are not before us on appeal," *Chipperfield v. Woessner*, 84 S.D. 13, 19, 166 N.W.2d 727, we therefore decline to pass on this issue as it is not properly before us. We note however, "that to establish by adverse possession ownership and title which is inconsistent with the record title, the proof must be by clear and convincing evidence." *Cuka v. Jamesville Hutterian Mut. Soc.*, 294 N.W.2d at 422.

Accordingly, the judgment of the trial court is reversed and the case is remanded solely for a determination of damages caused by Bartels' trespass upon Anaconda's land.

All the Justices concur.