IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

FARMERS MUT. INS. CO. V. COX

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, APPELLEE,

V.

BRAD T. COX, APPELLANT.

Filed January 27, 2015.    No. A-14-172.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Joshua W. Weir, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Robert S. Lannin, of Shively & Lannin, P.C., L.L.O., for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Brad T. Cox appeals from an order of the district court for Lancaster County denying his motion for summary judgment and granting summary judgment in favor of Farmers Mutual Insurance Company of Nebraska (Farmers Mutual). Finding no merit to Cox's assignment of error on appeal, we affirm the district court's decision.

## BACKGROUND

In April 2003, Cox's residence in Lincoln, Nebraska was destroyed by a fire. Cox made a claim on his homeowner's insurance with Farmers Mutual, upon which Farmers Mutual investigated the claim and was informed by law enforcement that Cox was not considered a suspect in causing the fire. Farmers Mutual paid Cox approximately $196,000 for damage to the property, personal property loss, and loss of use of the premises.

- 1 -

On June 4, 2007, Farmers Mutual was advised by the fire investigator that Cox was responsible for causing the fire. Before that date, Farmers Mutual had no reason to suspect that Cox was involved. In March 2008, Cox was criminally charged with second degree arson and entered a plea of no contest to that charge in November 2009. Cox failed to appear for his scheduled sentencing hearing on November 17, and a warrant was issued for his arrest.

After he absconded, Cox resided in California under a different name for at least two years. His whereabouts were unknown to Farmers Mutual until July 2012, when he was arrested in California for driving under the influence and was extradited to Nebraska.

On January 14, 2013, Farmers Mutual filed a complaint against Cox alleging conversion, unjust enrichment and misrepresentation. Farmers Mutual alleged that the statute of limitations was tolled during the time that Cox absconded from the State of Nebraska. Cox filed an answer denying the allegations in the complaint and alleging that the action was untimely.

Farmers Mutual and Cox each filed motions for summary judgment. During the hearing on the motions, Farmers Mutual offered a number of affidavits and a transcript of the plea and sentencing proceedings in the criminal action against Cox. The evidence presented was consistent with the facts stated above. The district court granted summary judgment in favor of Farmers Mutual. It found that the four-year statute of limitations on Farmers Mutual's action was tolled during the time that Cox absconded under Neb. Rev. Stat. § 25-214 (Reissue 2008), and therefore, the complaint was timely filed. It further found that there were no genuine issues of material fact as to whether Cox converted the insurance proceeds and was unjustly enriched by retaining them. Thus, it determined that Farmers Mutual was entitled to judgment as a matter of law and denied Cox's motion for summary judgment. Cox timely appeals from that judgment.

## ASSIGNMENTS OF ERROR

Cox assigns that the district court erred in applying the tolling provision of Neb. Rev. Stat. § 25-214 to Farmer's Mutual's untimely claim and denying Cox's motion for summary judgment.

## STANDARD OF REVIEW

Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *State v. Hansen*, 289 Neb. 478, 855 N.W.2d 777 (2014).

## ANALYSIS

Cox's assignment of error has two parts. He assigns that the district court erred in applying the tolling provision of Neb. Rev. Stat. § 25-214, and in denying Cox's motion for summary judgment.

Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575 N.W.2d 143 (1998). Therefore, we have jurisdiction over the denial of Cox's motion for

summary judgment. However, we do not address the merits of this portion of the assigned error because Cox does not provide any argument in his brief in support of it. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Irwin v. West Gate Bank*, 288 Neb. 353, 848 N.W.2d 605 (2014).

We now to turn to the issue of whether the district court erred in applying the tolling provision of Neb. Rev. Stat. § 25-214. That provision states as follows:

> If a cause of action accrues against a person while he or she is out of the state or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run (1) until he or she comes into the state or (2) while he or she is absconded or concealed. If a person departs from the state or absconds or conceals himself or herself after a cause of action accrues, the time of his or her absence of concealment shall not be computed as any part of the period within which the action must be brought.

There is no dispute that Cox absconded when he failed to appear for his sentencing hearing on November 17, 2009. To "abscond" means to be concealed in order to avoid a court's process. *Smith v. Johnson*, 43 Neb. 754, 62 N.W. 217 (1895). The court issued a warrant for Cox's arrest, but due to his absence from the state, it was not executed until he was arrested in California and returned to Nebraska in July 2012. Until then, Farmers Mutual had no knowledge of Cox's whereabouts. In his brief, Cox states that "[b]ut for the tolling statute, Farmers Mutual's causes of action would be time barred by no later than June 4, 2011." The district court found that Farmers Mutual's claim accrued no earlier than June 4, 2007, and using the four-year statute of limitations contained in Neb. Rev. Stat. §§ 25-207 (Reissue 2008) and 25-212 (Cum. Supp. 2014), we find this consistent with Cox's position that the statute of limitations expired no later than June 4, 2011. Because Cox has not appealed this finding, we too, will use June 4, 2007 as the date on which Farmers Mutual's cause of action accrued and the statute of limitation began to run. Thus, applying the statutory language to the facts of this case, we find that Cox absconded after Farmers Mutual's cause of action accrued, and therefore, the time of his concealment from November 17, 2009 until July 2012 was properly excluded from the limitations period.

Cox's argument is that the long arm statutes, Neb. Rev. Stat. §§ 25-535 through 25-541 (Reissue 2008), modified and rendered § 25-214 inapplicable. In support of this argument, Cox relies on *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994), which holds that the tolling provision in § 25-214 does not suspend the statute of limitations when one is absent from the state but nonetheless remains amenable to the service of *personal* process.

We agree with Cox that Nebraska courts were authorized under the long-arm statutes to exercise personal jurisdiction over him on the basis that he caused tortious injury in this state. See § 25-536(1)(c) (Reissue 2008). When the exercise of personal jurisdiction is authorized by the long-arm statutes, service may be made outside this state. See Neb. Rev. Stat. § 25-537 (Reissue 2008). However, the problem with Cox's argument is that he was not amenable to *personal* process outside this state because he was living under an assumed name and his whereabouts were unknown. In other words, although service outside the state would have been permissible under the long-arm statutes, it was simply not possible to obtain personal service upon him because Farmers Mutual had no way of knowing where Cox was located. Thus, the

district court properly applied the tolling provision in § 25-214 during the period that Cox absconded from the state and was unavailable for service.

Cox also argues that Farmers Mutual was not prevented from bringing an action against him because he was amenable to substitute or constructive service. He claims that under the long-arm statute, § 25-540(1)(d), that service could have been made outside the state in a manner "'reasonably calculated to give actual notice' as 'directed by the court.'" He then cites § 25-517.02, which states:

> Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address, (2) by publication, or (3) by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard.

Specifically, Cox argues that he was available for service while in California "through publication or through any method of service as directed by the court." We disagree that this is the minimum threshold established by *Dalition v. Langemeier, supra.* In that case, the court spoke specifically of being amenable to "service of personal process." *Id*. at 1000, 524 N.W.2d at 341. Neither *Dalition v. Langemeier*, nor the cases upon which it relies, make any reference to constructive service. Neb. Rev. Stat. § 25-505.01 (Cum. Supp. 2014) delineates the manner in which service of summons may be accomplished. It is only when service cannot be accomplished pursuant to one of these methods that a court may allow constructive service by publication or another method of service "reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard." Neb. Rev. Stat. § 25-517.02 (Reissue 2008). If we were to extend the *Dalition* holding to constructive service, we would invalidate § 25-214, and we decline to do so. In the absence of clear legislative intent, the construction of a statute will not be adopted which has the effect of nullifying another statute. *Volquardson v. Harford Ins. Co. of the Midwest*, 264 Neb. 337, 647 N.W.2d 599 (2002). We therefore hold that the district court properly applied the tolling provision of § 25-214.

## CONCLUSION

The district court did not err in applying § 25-214 to toll the statute of limitations during the period that Cox absconded.

AFFIRMED.